**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RICHARD HERB,<br><br>    Plaintiff,<br><br>v.<br><br>BERNADETTE SMITH, *et al.*,<br><br>    Defendants. | Case No. 3:25-CV-00578-ART-CLB<br><br>**ORDER ADDRESSING MISCELLANEOUS MOTIONS**<br><br>[ECF Nos. 4, 5, 6] |

Currently pending before the Court are three motions filed by Plaintiff Richard Herb ("Herb"): (1) a motion to stay the case for 180 days, (ECF No. 5); (2) a motion to appoint counsel, (ECF No. 6); and (3) a motion to extend the deadline to serve Defendants by 60 days, (ECF No. 4). For the reasons discussed below, Herb's motions to stay the case and to appoint counsel are denied, and his motion to extend the deadline to serve Defendants is granted.

**I.   DISCUSSION**

**1.   Motion for Counsel**

The Court will first address Herb's motion to appoint counsel. There is no constitutional right to appointed counsel in a § 1983 action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Title 28 U.S.C. § 1915(e)(1) gives courts discretion to "request an attorney to represent any person unable to afford counsel." *See also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While the decision to request counsel lies within the discretion of the district court, the court may only exercise this discretion under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate: (1) the plaintiff's likelihood of success on the merits; and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved.

*Id.* (quoting *Wilborn*, 789 F.2d at 1331). Neither factor is dispositive, and both factors must be considered before a court reaches a decision. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Here, Herb argues the appointment of counsel is "mandatory" because he has no legal training, his case is complex, and doing so would promote judicial efficiency. (ECF No. 6 at 3-5.) The Court disagrees. First, the Court may only appoint counsel for those litigants who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1). That is, the Court may only appoint counsel for litigants who have been permitted to proceed *in forma pauperis* ("IFP"). Herb is not proceeding IFP, (*see* ECF No. 1), nor has he made any argument or submitted any evidence indicating he is unable to afford counsel. To the contrary, Herb states in his motion he reached out to "dozens of specialized civil rights and § 1983 attorneys" but none agreed to take on his case. (ECF No. 6 at 4.) Thus, the only available evidence indicates Herb has the means to hire an attorney, he just cannot find one to take his case.

Second, even if that issue were to be set aside, Herb has failed to demonstrate his case presents exceptional circumstances. Herb's arguments about his lack of legal education are issues every *pro se* litigant faces and are therefore not exceptional. Moreover, Herb's case does not appear to present particularly complex issues. Herb has demonstrated his ability to adequately articulate his claims. Herb successfully filed his complaint and three subsequent motions, all of which are presented in a neat and coherent fashion. Lastly, before the Court can appoint counsel it must evaluate the plaintiff's likelihood of success on the merits, a point Herb's motion fails to address.

Because Herb is not proceeding IFP, and because he has failed to demonstrate his case presents exceptional circumstances, his motion to appoint counsel, (ECF No.

6), is denied.

### 2. Motion to Stay

The Court will next address Herb's motion to stay the case for 180 days. (ECF No. 5.) Herb requests a 180-day stay so that he can collect additional evidence and "secure the resources necessary to properly advance this case." (*Id.* at 2.) A stay is not appropriate, however, because there is nothing to stay; litigation has not yet commenced since Defendants have not been served and have not otherwise responded to the complaint. It appears that what Herb is actually seeking is for the Court to extend the deadline to serve Defendants so that he has more time to prepare, which the Court will address in the next section. Accordingly, Herb's motion to stay the case, (ECF No. 5), is denied.

### 3. Motion to Extend Service Deadline

Lastly, the Court will address Herb's motion to extend the deadline to serve Defendants. Herb seeks to extend the current January 13, 2026, deadline by 60 days for the reasons mentioned above. (ECF Nos. 4, 5.) For good cause appearing, the Court grants Herb's motion. Herb shall now have up to and through Monday, March 14, 2026, to serve Defendants.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Herb's Motion to Appoint Counsel, (ECF No. 6), is **DENIED**.

**IT IS FURTHER ORDERED** that Herb's Motion to Stay the Case, (ECF No. 5), is **DENIED**.

**IT IS FURTHER ORDERED** that Herb's Motion to Extend the Deadline to Serve Defendants, (ECF No. 4), is **GRANTED**. Herb shall have up to and through **Monday, March 14, 2026**, to properly serve Defendants.

DATED: December 31, 2025

UNITED STATES MAGISTRATE JUDGE